IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3142 |
| vs. | |
| JEAN FERRER LEYVA-PAZOS, et al., | FINAL ORDER OF FORFEITURE NUNC PRO TUNC |
| Defendants. | |

This matter is before the Court on the government's motion for final order of forfeiture (filing 227). After some consideration, the Court will grant the government's motion.

BACKGROUND

The initial indictment in this case (filing 1) charged four men—Jean Ferrer Leyva-Pazos, Nestor Gomez-Orta, Jonathan Beale, and Jose Guadalupe Garcia-Lemus—with several controlled-substance offenses, and pursuant to 21 U.S.C. § 853 also sought the forfeiture of two sums of money: Approximately $3,873 in United States currency seized on or about April 25, 2022, from 408 Rimpley Lane, Lexington, Nebraska; and approximately $2,062 in United States currency seized on or about February 23, 2022, from 1613 North Taylor, Lexington, Nebraska. Filing 1. A superseding indictment later added a fifth defendant to the case, Leopoldo Ramirez, and reasserted a forfeiture allegation with respect to the same property. Filing 80. All five men have now been convicted pursuant to guilty pleas, but they got there in different ways.

### GARCIA-LEMUS

Garcia-Lemus was the first to plead guilty, to a few counts of the original indictment (filing 1). There was no plea agreement. Filing 94 at 14. Nor did he admit the forfeiture allegation of the indictment. *See* filing 76; filing 94. But he did acknowledge, in his petition for change of plea, that he would be forfeiting property as a result of the plea. Filing 76 at 6. He was sentenced to 120 months' imprisonment, and two additional concurrent terms of 60 months imprisonment each, on October 3, 2023. Filing 139. No preliminary order of forfeiture was entered as to him.

### GOMEZ-ORTA

Next, Gomez-Orta pled guilty to a few counts of the initial indictment (filing 1) pursuant to a plea agreement (filing 102). He also admitted the forfeiture allegation of the indictment, and a preliminary order of forfeiture was entered forfeiting his interest in the Rimpley Lane money to the United States. Filing 144. He was eventually sentenced to 180 months' imprisonment. Filing 155.

As directed by the Court, a Notice of Criminal Forfeiture was posted for the Rimpley Lane money beginning on March 1, 2024, on an official Internet government forfeiture site, www.forfeiture.gov, for at least 30 consecutive days, as required by Supp. Admiralty and Maritime Claims R. G(4)(a)(iii)(B). A Declaration of Publication (filing 226) was filed on May 7, 2024. The Court has been advised by the government that no petitions have been filed, and from a review of the Court file, the Court finds no petitions have been filed.

### BEALE

Then, Beale pled guilty, without a plea agreement, to one count of the superseding indictment (filing 80). He didn't admit the forfeiture allegation

- 2 -

either, and in his petition for change of plea, he indicated that he wouldn't be forfeiting any property. Filing 115 at 4; *see* filing 122. He was ultimately sentenced to 120 months' imprisonment. Filing 164. No preliminary order of forfeiture was entered as to him.

### LEYVA-PAZOS

Next, Leyva-Pazos pled guilty to one count of the superseding indictment (filing 80) pursuant to a plea agreement (filing 169). He also admitted the forfeiture allegation of the superseding indictment, and a preliminary order of forfeiture was entered forfeiting his interest in the North Taylor money to the United States. Filing 187. He was eventually sentenced to 120 months' imprisonment. Filing 209.

As directed by the Court, a Notice of Criminal Forfeiture was posted for the North Taylor money beginning on December 23, 2023, on an official Internet government forfeiture site, www.forfeiture.gov, for at least 30 consecutive days, as required by Supp. Admiralty and Maritime Claims R. G(4)(a)(iii)(B). A Declaration of Publication (filing 226) was filed on May 7, 2024. The Court has been advised by the government that no petitions have been filed, and from a review of the Court file, the Court finds no petitions have been filed.

### RAMIREZ

Finally, Ramirez. Unlike the others, he pled guilty to a subsequently filed information (filing 195), but it also realleged a forfeiture allegation with respect to the Rimpley Lane and North Taylor money. And Ramirez admitted the forfeiture allegation as to both sums of money. Filing 200 at 1; filing 208 at 16. But the government never moved for a preliminary order of forfeiture, and

none was ever entered. The Court has pronounced a sentence of 132 months' imprisonment. Filing 222.

## DISCUSSION

The government has now moved for a final order of forfeiture as to both sums of money and all defendants. *See* filing 227. Of course, that's not how Fed. R. Crim. P. 32.2 is supposed to work. But having carefully reviewed the record, the Court is convinced that the procedural oversights were harmless. *See McIntosh v. United States*, 144 S. Ct. 980, 991-92 (2024).

Specifically, the Court notes that the government's intent to seek forfeiture of these funds has been clear in every charging document. *See id*. And more importantly, although a preliminary order of forfeiture wasn't entered naming every *defendant*, the two preliminary orders of forfeiture that were entered named every *dollar*. Anyone—including any of these defendants—who had any interest in the funds was provided with an opportunity to claim them, and none did. The Court is not convinced that the defendants have *more* rights, by virtue of being indicted, than any other potential claimant who had notice of the forfeiture but failed to act. Accordingly,

IT IS ORDERED:

1. The government's Motion for Final Order of Forfeiture (filing 227) is granted.

2. All right, title, and interest in and to the $3,873 in United States currency seized from 408 Rimpley Lane and $2,062 in

United States currency seized from 1613 North Taylor, held by any person or entity, are forever barred and foreclosed.

3. The currency is forfeited to the government.

4. The government is directed to dispose of the currency in accordance with law.

Dated this 8th day of May, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge